# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RBC BANK (USA), | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 09-0038-WS-C |
| | ) |
| HOLIDAY ISLE, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the motion of plaintiff RBC Bank (USA) ("RBC") to strike or dismiss the counterclaim filed by various defendants known collectively as "the Florida Group." (Doc. 104). The parties have filed briefs in support of their respective positions, (Docs. 115, 123), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion to strike is due to be denied and the motion to dismiss is due to be granted.

## BACKGROUND

As set forth in more detail elsewhere, defendant Holiday Isle, LLC ("Holiday Isle") developed a condominium project on Dauphin Island. As required by their respective contracts, each of the unit purchasers who did not provide cash earnest money produced to Holiday Isle letters of credit in the amount of 20% of the purchase price. When purchasers declined to close (as many did), Holiday Isle declared them in default and called the letters of credit. Holiday Isle deposited the proceeds of the letters of credit in an account ("the Account") it maintained with RBC. RBC was advised by various purchasers that they rather than Holiday Isle were entitled to the funds in the Account because Holiday Isle rather than they had defaulted. RBC filed this action pursuant to 28

U.S.C. § 1335 to determine the right to the funds (over $3 million) in the Account. The defendants include the Florida Group, other unit purchasers, Holiday Isle (which is now in bankruptcy), and RBC Real Estate Finance, Inc. ("REFI"), the current construction lender on the project.

The Florida Group's counterclaim alleges that Holiday Isle received notice that they rescinded their contracts and deemed the contracts breached due to Holiday Isle's failure to timely complete the units; that Holiday Isle then called the letters of credit and placed the proceeds in the Account; and that the Florida Group believe they are entitled to return of the proceeds of their letters of credit. The counterclaim demands judgment against RBC in the amount of the respective letters of credit. (Doc. 86 at 3-4).

RBC moves to strike the counterclaim under Federal Rule of Civil Procedure 12(f) and to dismiss it under Rule12(b)(6) for failure to state a claim upon which relief may be granted.

## DISCUSSION

A motion to strike is properly addressed only to "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).[1] RBC says the counterclaim must not really seek judgment directly against it (as opposed to the interpleaded funds) and that the demand for judgment against RBC should be stricken as immaterial and impertinent. (Doc. 104 at 4-5). The Florida Group's response is unclear, but they do not disavow the explicit demand for judgment directly against RBC. (Doc. 115, ¶ 5). In its reply brief, RBC suggests that, to the extent the counterclaim is really intended only as an answer, it should be stricken, (Doc. 123 at 2-3), presumably as redundant. However, as discussed below, the Florida Group intends the counterclaim as something beyond an answer.

---

[1] It may also be directed to "an insufficient defense," *id.*, but a counterclaim is not a defense.

In order to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must as a threshold matter provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id*. Thus, neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffices to satisfy Rule 8(a)(2). *Id*. "Stated differently, the factual allegations in a complaint must 'posses enough heft' plausibly to suggest that the pleader is entitled to relief. ... Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitlement to relief."'" *Weissman v. National Association of Securities Dealers, Inc*., 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 557).

The allegations of the counterclaim, as identified above, allege no wrongdoing by RBC and no basis for a judgment against RBC (as opposed to a judgment for a portion of the interpleaded funds). The counterclaim thus falls far below the threshold established by Rule 8(a) and *Twombly*.

The Florida Group responds that they believe RBC forced Holiday Isle to call the letters of credit, required Holiday Isle to deposit the proceeds in the Account, maintained total control of the Account, knew the Florida Group asserted their contracts with Holiday Isle were null and void, and yet allowed funds in the Account to be depleted by Holiday Isle. (Doc. 115, ¶ 4). None of these allegations, however, appears in the Florida Group's barebones counterclaim.

## CONCLUSION

For the reasons set forth above, RBC's motion to strike is **denied** and its motion to

dismiss is **granted**.  The Florida Group's counterclaim against RBC is **dismissed**.

DONE and ORDERED this 14th day of September, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE