IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RBC BANK (USA), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0038-WS-C |
| | ) |
| HOLIDAY ISLE, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion of plaintiff RBC Bank (USA) ("RBC") to dismiss the counterclaim of defendants Charles and Donna Steinau. (Doc. 122). The Steinaus declined the opportunity to respond, (Doc. 128), and the motion is ripe for resolution.[1]

## BACKGROUND

As set forth in more detail elsewhere, Holiday Isle, LLC ("Holiday Isle") developed a condominium project on Dauphin Island. As required by their respective contracts, each of the unit purchasers who did not provide cash earnest money produced to Holiday Isle letters of credit in the amount of 20% of the purchase price. The Steinaus provided cash. When purchasers declined to close (as many did), Holiday Isle declared them in default and called the letters of credit or, as in the Steinaus' case, obtained the cash from the escrow agent. Holiday Isle deposited the proceeds in an account ("the Account") it maintained with RBC. RBC was advised by various purchasers that they

---

[1]The Court cannot grant RBC's motion simply because the Steinaus have not responded. *Cf. United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.").

rather than Holiday Isle were entitled to the funds in the Account because Holiday Isle rather than they had defaulted. RBC filed this action pursuant to 28 U.S.C. § 1335 to determine the right to the funds (over $3 million) in the Account. The defendants include the Steinaus, various other unit purchasers, Holiday Isle (which is now in bankruptcy), and RBC Real Estate Finance, Inc. ("REFI"), the current construction lender on the project.

The Steinaus' counterclaim alleges that, during arbitration and "at the behest of" RBC, Holiday Isle placed their deposit in the Account. (Doc. 101, ¶ 65). It continues that RBC and Holiday Isle "converted the Steinaus' deposit for the benefit of" RBC. (*Id.*, ¶ 66). RBC moves to dismiss both counts under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

## DISCUSSION

RBC argues that it cannot be sued for bringing an interpleader rather than deciding which of several competing claims to honor. (Doc. 122 at 5). This is correct, as its proffered authority attests. *Prudential Insurance Co. v. Hovis*, 553 F.3d 258, 265 (3rd Cir. 2009) (the "failure to choose between the adverse claimants (rather than bringing an interpleader action) cannot itself be a breach of a legal duty."). However, as the same opinion states, any counterclaim that is "truly independent of who was entitled to" the fund is permissible. *Id*. Thus, "[w]hat we hold here is that where a stakeholder is blameless with respect to the existence of the ownership controversy, the bringing of an interpleader action protects it from liability to the claimants both for further claims to the stake and for any claims directly relating to its failure to resolve that controversy." *Id*. at 265.

As discussed in another order, Holiday Isle's counterclaim alleged that RBC converted the funds in the Account by the very act of interpleading them. Such a claim alleges no fault by RBC with respect to the controversy between Holiday Isle and the

purchasers but rather asserts that RBC's fault was in bringing an interpleader action instead of resolving the competing claims, and doing so favorably to Holiday Isle. This is precisely what *Hovis* prohibits.

While the Steinaus' counterclaim also alleges conversion, it identifies RBC's wrongful conduct as occurring before the funds were interpleaded and before the funds were placed in the Account. RBC's alleged wrongdoing lies in influencing Holiday Isle to place the Steinaus' deposit in the Account, taking it beyond the Steinaus' reach and possibly subjecting it to a lien in favor of REFI and/or RBC (the preceding construction lender). By doing so (if it did), RBC presumably injected itself into the ownership controversy; it did not merely hold funds as to which others laid claim but manipulated the circumstances so as to obtain the funds initially. Whatever factual or legal difficulties may attend such a theory, it does not run afoul of RBC's own authority.

RBC suggests that a counterclaim is not truly "independent" of the interpleader unless the counter-plaintiff disavows any claim to the interpleaded funds. (Doc. 122 at 7-8). While this may accurately state the facts of the two cases on which RBC relies, those cases do not articulate or support such a rule, and the Sixth Circuit has acknowledged the permissibility of a counterclaim in addition to a claim to the interpleaded res. *See United States v. High Technology Products, Inc.*, 497 F.3d 637, 643 (6th Cir. 2007) (Russia could pursue a claim to interpleaded isotopes as well as a counterclaim for damage to the isotopes).

RBC fears the Steinaus could receive a double recovery if they are allowed to pursue both a claim to the res and a conversion counterclaim. (Doc. 122 at 8). But any number of mechanisms are available to ensure that a plaintiff is not awarded the same damages twice, and RBC has not explained why they could not be effectively employed here.

## CONCLUSION

For the reasons set forth above, RBC's motion to dismiss is **denied**.

DONE and ORDERED this 14th day of September, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
