# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| RBC BANK (USA), | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION 09-0038-WS-C |
| HOLIDAY ISLE, LLC, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion to strike the jury demand made by the Drago defendants/counterclaimants. (Doc. 205). The parties have submitted briefs in support of their respective positions, (Docs. 214, 226), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be granted in part and denied in part.

## BACKGROUND

As set forth in other Court orders, the Dragos are among a larger number of purchasers of condominiums in a project developed by defendant Holiday Isle, LLC ("Holiday Isle"). Pursuant to their contracts, the Dragos and others presented letters of credit representing 20% of the purchase price of their units. When they failed to close, Holiday Isle declared them in default, presented the letters of credit to the issuing institutions, and deposited proceeds with the plaintiff. Many of the purchasers challenged this action and initiated lawsuits and/or arbitration. In October 2008, the plaintiff filed this interpleader action, depositing with the Clerk the balance in the account (over $3 million) in which the letters of credit proceeds had been deposited.

In February 2009, the Dragos filed their answer. (Doc. 45). As noted by the plaintiff, that answer asserts that the Dragos are "entitled to reimbursement of all deposit

money or proceeds from letters of credit ... that are in [the] possession of Plaintiff or have been paid into Court by Plaintiff." (*Id*. at 2). The answer contains no jury demand.

In April 2009, the Dragos filed an answer to the crossclaim filed against them by another entity, RBC Real Estate Finance, Inc. ("REFI"), along with a crossclaim against REFI. (Doc. 72). As noted by the plaintiff, the Dragos' crossclaim alleges that "[t]he amounts in said interpled account are properly due and owing the Defendants in the amounts of each Defendants' letter of credit or cash down payment plus interest, and attorneys fees." (*Id*., ¶ 5). The ad damnum clause demands judgment "in the aforesaid interpled fund amoun[t] of $94,000." (*Id*. at 2).[1] The answer and crossclaim contains no jury demand.

In November 2009, the Dragos filed a motion for leave to amend their answer so as to assert a counterclaim against the plaintiff. (Doc. 163). The attached proposed first amended answer and counterclaim alleges that some of the proceeds of their letter of credit were not held in escrow by the plaintiff (and so were not in the interpleaded funds) but were converted by the plaintiff to its own use. (*Id*., Exhibit B at 3-4). The proposed counterclaim demands judgment against the plaintiff for unspecified compensatory and punitive damages based on its alleged conversion. (*Id*. at 4). The proposed amended answer and counterclaim does not include a jury demand.

On December 4, the Court granted the Dragos' motion. (Doc. 190). Three days later, they filed their amended answer and counterclaim. The document is substantively identical to that presented with their motion for leave to amend, except that it adds an express demand for trial by jury. The demand does not specify whether it applies only to the counterclaim or extends to the plaintiff's complaint in interpleader. (Doc. 192 at 4).

---

[1] For reasons unknown, the ad damnum clause demands judgment against the plaintiff as well as well as against crossclaim defendant REFI. (*Id*.).

**DISCUSSION**

The right to trial by jury, though precious, can be waived. In particular, a party desiring a jury trial as to any particular issue is required to file and serve a demand for jury trial within two weeks "after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). Failure to make a timely demand results in a waiver. *Id*. 38(d); *accord LaMarca v. Turner*, 995 F.2d 1526, 1544 (11th Cir. 1993). However, "[s]uch waivers apply only to the issues raised by the pleadings; subsequent amendments to the pleadings can raise 'new issues' for which the right to a jury remains." *Id.*

The plaintiff asserts there is no new issue raised by the counterclaim because it "relies on the same nucleus of facts as the interpleader action." (Doc. 205 at 4). "The term 'new issues' has been interpreted to mean new issues of fact and not new theories of recovery." *Guajardo v. Estelle*, 580 F.2d 748, 753 (5th Cir. 1978); *accord Mega Life and Health Insurance Co. v. Pieniozek*, 585 F.3d 1399, 1404 (11th Cir. 2009). "New facts that merely clarify the same general issues raised in the original complaint do not create new issues of fact upon which to assert a jury demand." *LaMarca*, 995 F.2d at 1545 (internal quotes omitted). "The underlying facts and basic legal theory [must be] changed by the amendments in order to create new issues." *Id*. (internal quotes omitted).

Under this test, it is clear that the counterclaim injects new issues as to which a jury trial has not been waived. The Dragos' answer, and their crossclaim against REFI, both focus on their entitlement to the interpleaded funds, with no claim that the plaintiff is personally liable to them and no assertion that the plaintiff engaged in wrongful conduct.[2] The counterclaim, in contrast, for the first time accuses the plaintiff of wrongdoing, for

---

[2]While the answer asserts entitlement to reimbursement of the letter of credit proceeds "that are in [the] possession of Plaintiff" as well as the interpleaded funds, it does not seek affirmative relief against the plaintiff (indeed, the assertion is made as part of the Dragos' "second defense"), and it does not suggest that the plaintiff engaged in any wrongful conduct. It is clear that the Dragos merely expected the plaintiff, as a disinterested stakeholder, to deposit all proceeds with the Court.

the first time describes conduct as to which the Dragos' previous pleadings are silent, and for the first time seeks relief from the plaintiff, based on that same conduct. The counterclaim, in short, raises quintessentially new issues for purposes of Rule 38(b).

The plaintiff notes that the proposed counterclaim was attached to the motion for leave to amend, which motion was filed November 13. It concludes that the two-week period for demanding a jury began to run on that date and so had expired by the time the plaintiff filed the actual counterclaim on December 7. For this argument to succeed, a proposed pleading attached to a motion for leave to file it must constitute "the last pleading directed to the issue." The plaintiff offers no authority or analysis to demonstrate that a *proposed* pleading is a "pleading" under Rule 38(b), and the Court will not endeavor to supply the deficiency.

For the reasons set forth above, the motion to strike jury demand is **granted** with respect to the interpleader complaint and **denied** with respect to the Dragos' counterclaim for conversion.

DONE and ORDERED this 4th day of February, 2010.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE