# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| RBC BANK (USA), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 09-0038-WS-C |
| | ) | |
| HOLIDAY ISLE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the motion of Bay Title Insurance Company ("Bay Title") to dismiss the plaintiff's counterclaim for implied indemnity. (Doc. 229). The parties have submitted briefs in support of their respective positions, (Docs. 239, 242), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be granted.

The plaintiff has asserted claims against Bay Title both for contractual indemnity and for common-law indemnity. (Doc. 210 at 20-23). The contractual indemnity claim alleges that Bay Title, "under the express terms of the Assignment Agreement, is liable to indemnify RBC Bank for all losses sustained or incurred by RBC Bank as a consequence of the exercise of its rights under the Assignment Agreement and all actions taken under the Assignment Agreement." (*Id*. at 21).

The Assignment Agreement is attached. It is executed by Bay Title as "Escrow Agent" and the plaintiff's predecessor as "Lender" and includes the following provision: "Borrower and Escrow Agent shall, jointly and severally, indemnify and hold harmless Lender and any other person or entity acting hereunder for all losses, costs, damages, fees and expenses, including without limitation reasonable attorney's fees, whatsoever associated with the exercise of this power of attorney or the exercise of Lender's rights

under this Assignment and shall and do hereby release Lender and any other person or entity acting hereunder from all liability whatsoever for the exercise of the foregoing power of attorney and all actions taken pursuant thereto or under this Assignment." (Doc. 210, Exhibit A at 5, ¶ 6).

"[A] clear majority of courts have found that a party is proscribed from recovering on an implied indemnity theory where the parties executed an express written indemnity agreement. ... This Court joins the myriad authorities cited above and finds that parties' rights to common law indemnity are cut off where those parties enter into an express indemnity agreement, through which they themselves delineate when and under what circumstances an indemnification obligation will arise." *Ohio Casualty Insurance Co. v. Holcim (US), Inc*., 2007 WL 2807570 at *11 (S.D. Ala. 2007), *rev'd on other grounds*, 589 F.3d 1361 (11th Cir. 2009). The plaintiff explicitly alleges that Bay Title owes it contractual indemnity, and the Assignment Agreement reflects that an express contractual indemnity agreement in fact exists. That is sufficient to trigger application of the rule adopted by this Court in *Ohio Casualty*. The plaintiff does not argue otherwise.

Instead, the plaintiff insists it may pursue both express and implied indemnity as alternative theories of recovery. It cannot, however, pursue a theory of recovery that its own pleading renders legally impossible. "Dismissal is appropriate when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *D.P. ex rel. E.P. v. School Board*, 483 F.2d 725, 728-29 (11th Cir. 2007) (internal quotes omitted). Here, *Ohio Casualty* establishes the content of a dispositive issue of law, and in light of it no construction of the complaint will support a cause of action for implied indemnity.

In a related vein, the plaintiff argues it cannot be forced to "prematurely elect between its remedies" and should be allowed to preserve the implied indemnity claim as a "prophylactic measure" until discovery enables it "to determine at a later date which claim is appropriate." (Doc. 239 at 4, 6). Again, as a matter of law implied indemnity is

not a potentially available remedy, so there is no possibility of electing that remedy.  The plaintiff must gain indemnity either through its contractual indemnity provision or not at all.

For the reasons set forth above, Bay Title's motion to dismiss the plaintiff's claim for implied indemnity is **granted**.

DONE and ORDERED this 5th day of February, 2010.

                                                      s/ WILLIAM H. STEELE
                                                     UNITED STATES DISTRICT JUDGE